PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JESÚS RIVERA TORRES and LUIS SANTANA PABÓN, Defendants and Appellants.

No. 7370.   Argued April 13, 1939.—Decided April 28, 1939.

*J. Valldejuli Rodríguez,* for appellants; *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The District Court of Humacao found the accused Jesús Rivera Torres and Luis Santana Pabón guilty of violating Act No. 25, approved July 17, 1935 (Session Laws of 1935, (2) page 152), and sentenced them to sixty days in jail.

■ The complaint, in what is pertinent, which was originally filed in the Municipal Court of San Lorenzo, reads as follows:

"I, José L. Díaz, I. P. No. 84 . . . . resident of Juncos, Puerto Rico, . . . . Martínez Street . . . . number . . . . over 21 years of age . . . . file this complaint against Benigno Rosado Hernández, Jesús Rivera Torres and Luis Santana Pabón for violation of sections 3 and 4 of Act No. 25, approved July 17, 1935, Boli-pool and so on, to declare said game a public nuisance and for other purposes, committed as follows: That on September 29, at 4.30 p. m., of the year 1937, in Caracol, Juncos, Puerto Rico, of the Municipal Judicial District of San Lorenzo, which is a part of the Judicial District of Humacao, P. R.

"The above mentioned accused Benigno Rosado Hernández, Jesús Rivera Torres and Luis Santana Pabón, then and there illegally, wilfully and maliciously, and acting in combination with each other, the first by renting a room of his house to Rivera Torres for $1.50 a week knowing that he was engaged in the game of bolipool; the second as owner and manager of a bolipool agency called 'Amparo,' and the third as assistant to Jesús Torres Rivera, opened an office dedicated to the game of bolipool, utilizing other persons for the sale of tickets to the public; and they had note-books, pencils, and received there the money from the salesmen of tickets; and between 4 and 5 p. m. of each day, with three receptacles containing ten dice each, they pull a die from each receptacle forming with the three numbers the lucky number, knowing these implements were being used in the illegal game of bolipool. On searching the house, a bag containing 55 note-books of those used in the sale of tickets was found. Jesús Rivera Torres was in possession of a purse containing $10.49; $7.00 in tickets; one Parker fountain pen and two pencils; a copy of the citation issued against Lorenzo Aponte for violation of the bolipool act and a copy of a motion for dismissal of a complaint for violation of the bolipool act. Luis Santana Pabón was in possession of three dice and one small green note book with entries for money; besides 32 cents were also occupied. Everything is before the court as evidence as well as an affidavit of Benigno Rosado Hernández and the search warrant."

The accused point out in their brief four errors which although frivolous, we will discuss. The first consists in that the lower court dismissed a demurrer for insufficiency of

facts in that it is not alleged that the accused were caught carrying or conveying or selling any slip of paper, note, ticket, note-book, list of numbers, or implements used in the game of bolipool, nor that they were owners, proxies, agents, persons in charge, directors or managers of the games prohibitted by Act No. 25 of 1935.

Nothing less reasonable. It is clearly alleged in the complaint that "the accused Benigno Rosado Hernández, Jesús Rivera Torres and Luis Santana Pabón then and there illegally, wilfully and maliciously and acting in combination with each other, the first by renting a room of his house to Rivera Torres for $1.50 a week, knowing that he was engaged in the game of bolipool; *the second as owner and manager of a bolipool agency called Amparo, and the third as assistant to Jesús Torres Rivera, opened an office dedicated to the game of bolipool . . . .,*" etc. (see supra). That is, the complaint alleges, with enough certainty, sufficient facts constituting the crime described by section 4 of the law which in what is pertinent reads as follows:

" . . . . and every owner, proxy, agent, person in charge, director, or manager of the games prohibited by this Act shall, upon conviction, be punished by a fine of not less than one hundred (100) dollars nor more than two hundred (200) dollars, or by imprisonment in jail for a term of not less than sixty (60) days nor more than four (4) months; . . . ." etc.

The first assignment of error must be dismissed.

By the second it is alleged that the lower court erred in weighing the evidence. The insular policeman José L. Díaz testified that having with him a search warrant he entered with other colleagues, by the use of force, into a house at El Caracol, Juncos, where the accused had a room in which they engaged in the game of bolipool; that within, he found the accused, Benigno Rosado, and some ticket sellers, together; that all of them tried to escape, the accused being successful through a window, carrying with them the note-books and the money which was on the table and which were

occupied by Torres, another policeman who was in the yard where the accused landed. On being asked by attorney Piñero, one of the attorneys for the defense, he testified that he also found containers and dice on the floor.

It is true that policeman Díaz was the only witness offered by the district attorney, but it is also true that his testimony was corroborated by the witnesses for the defense. Policeman Vidal E. Torres, witness for the defense, said that he stood outside the house and that he arrested the accused when they jumped through the window, finding then and there the note books and the money which they had in their possession. The alleged error was not committed.

In the third, bias, prejudice and partiality is imputed to the trial judge in rendering judgment because he expressed himself thus:

" . . . and sentence each of the accused to sixty days in prison, the court stating that a sentence of prison instead of a fine is passed because it is of the opinion that something must be done to terminate in some way with a state of affairs so harmful."

The fact that the lower court has sentenced accused to sixty days in prison and not to a fine in order to "terminate in some way with a state of affairs so harmful," does not show that it acted with bias, prejudice and partiality. We have read the transcript of the evidence and we have not found any indication of such attitude. If the court had found the accused guilty without they being so in order to terminate with such state of affairs, then there might have been some ground to say that it acted in the way it was alleged in this assignment of error. The court being convinced of the guilt of the accused and their conviction being justified by the evidence, the fact that the court in the exercise of its discretion passed a sentence of prison instead of a fine to correct the existing evil, is not sufficient by itself to sustain the assigned error, which must be dismissed.

By the fourth assignment of error it is insisted that the lower court violated the spirit and the letter of Act No. 25 of 1935, by passing sentence of prison. The argument in behalf of this assignment is that as the law speaks first of a fine and then of prison (see supra), they say that " ... where the imposition of a fine appears first, the trial judge cannot pass over this provision and impose a sentence of prison unless the statute expressly gives such discretion to the judge."

The mere reading of that part of the law which is connected with this assignment (see supra) immediately shows that the reasoning has no legal basis at all. The judgment appealed from must be affirmed.